Appellant takes exception to the conclusion reached and specifically stated by us in the opinion to the effect that his case is primarily predicated upon the theory that the relationship of landlord and tenant existed between him and the defendant at the time of the occurrence of the accident alleged upon. Having reached the conclusion that this relationship did not exist, particularly as to the driveway whereon the accident occurred, it then became necessary to determine the status of the injured child with respect to the defendant and Plitt, lessee of defendant's vendor in title. And, having determined that such status was that of licensee, in logical order, there remained for us to say whether the defendant's act in placing the lumber with metal sheeting thereon, upon the driveway and allowing it to stay there for the time stated, was, in legal contemplation, "wilful or wanton or active negligence," indispensable prerequisites to the injured licensee's right to recover damages caused her while on the premises. This conclusion necessarily confined our study to the law applicable to a licensee.
It is true that, without doing so in the alternative, plaintiff's allegations indicate that he seeks recovery under articles of the Civil Code not found among those that undertake to define the reciprocal duties inter se of landlord and tenant. But after having decided the status of the child to have been that of licensee it could as easily have been said that the quoted articles of the Civil Code and decisions of courts, wherein the same have been discussed and applied or rejected, were not pertinent to a discussion of the law applicable to licensees. We have not found, after a reconsideration of the case, that the application for rehearing is well founded, and, therefore, it is denied.